**ALD-300**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2001
_____

THOMAS CROCK,
                                        Appellant

v.

COMMONWEALTH OF PENNSYLVANIA; PENNSYLVANIA STATE POLICE;
CPL. JAMES BURGER, Pennsylvania State Trooper; TIMOTHY MORANDO,
Pennsylvania State Trooper; BERNARD NOVAK, Pennsylvania State Trooper;
SGT. GARY THOMPSON, Pennsylvania State Trooper.

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 08-cv-00627)
District Judge: Honorable David Stewart Cercone

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 30, 2010
Before: SLOVITER, AMBRO and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed October 19, 2010 )
_____

OPINION
_____

PER CURIAM

Thomas D. Crock appeals from an order of the District Court granting summary judgment in favor of the defendants in this pro se civil rights action. For the reasons that follow, we will summarily affirm.

I.

In September 2005,[1] an officer responded to a burglar alarm at Crock's mother's house. After arriving on the scene, the officer observed that the basement window of the house appeared to have been pried open. The front door was open, and there were several items on the porch. The officer observed Crock in the house going through papers. Crock was alone in the house, and after being approached by the officer, admitted that he did not know how to turn off the alarm.

The officer asked Crock to exit the house. Crock became confrontational and was placed under arrest. While the officer escorted Crock to the car, Crock attempted to head butt the officer. Crock was physically restrained, placed in the police car, and transported to police headquarters. His mother went to headquarters and told the officers that he had permission to remove items from her house. As a result, Crock was only charged with disorderly conduct, to which he pleaded nolo contendere.

The next day, Crock returned to police headquarters alone to file a complaint against

---

[1] We take the factual background from the defendants' "Statement of Undisputed Facts" because, although Crock disputes these statements, his responses are entirely inadequate, as shown below.

the arresting officers. The sergeant taking the statement ran Crock's driver's license and learned that it had been suspended. Crock was then issued a citation for driving with a suspended license.

Crock brought an action alleging violations of 42 U.S.C. § 1983 and state law in Pennsylvania state court, making several claims arising out of his arrest and traffic citation. First, he alleged that the arresting officers used excessive force and subjected him to false arrest, and that he was the subject of malicious prosecution. Second, he alleged that officers prevented him from attending his preliminary hearing. Third, he alleged that he was the subject of an illegal seizure as a result of the sergeant running his license. On the defendants' motion, the case was removed to federal court.

The defendants moved for summary judgment on all counts. Crock responded by filing a copy of the defendants' "Statement of Undisputed Facts," on which he wrote "Dispt.," "I/R," or "??" next to several of the paragraphs. He also alleged that the defendants' affidavits were "knowing, willful lies [and] misrepresentations." However, he offered no factual basis by which he could dispute the defendants' contentions.

The District Court granted summary judgment to the defendants on all counts. Crock filed a timely notice of appeal. We have jurisdiction to hear this appeal. 28 U.S.C. ¢ 1291. Summary judgment is proper, and the moving party is entitled to judgment as a matter of law, where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, no genuine issue of material fact exists. Fed. R. Civ. P.

3

56(c); <u>Kaucher v. County of Bucks</u>, 455 F.3d 418, 422-23 (3d Cir. 2006). We exercise plenary review over the District Court's order granting summary judgment. <u>Camp v. Brennan</u>, 219 F.3d 279, 280 (3d Cir. 2000). We may summarily affirm a decision of the District Court if the appeal does not raise a substantial issue. L.A.R. 27.4; I.O.P. 10.6. In addition, we may affirm on any basis in the record. <u>Fairview Twp. v. EPA</u>, 773 F.2d 517, 524 n.15 (3d Cir. 1985).

## II.

A party making a § 1983 claim must show that he or she has been denied a federal right and that the action occurred under color of state law. <u>Burella v. City of Philadelphia</u>, 501 F.3d 134, 139 (3d Cir. 2007). Crock cannot establish that the defendants denied him any rights.

Crock argues that he was the subject of a false arrest because the officers did not have probable cause to arrest him. "Probable cause exists if there is a 'fair probability' that the person committed the crime at issue." <u>Wilson v. Russo</u>, 212 F.3d 781, 789 (3d Cir. 2000). Generally, "the question of probable cause in a section 1983 damage suit is one for the jury." <u>Montgomery v. De Simone</u>, 159 F.3d 120, 124 (3d Cir.1998). However, "where no genuine issue as to any material fact exists and where credibility conflicts are absent, summary judgment may be appropriate." <u>Deary v. Three Un-Named Police Officers</u>, 746 F.2d 185, 192 (3d Cir. 1984).

Upon our review of the record, we agree with the District Court that the officer had

4

probable cause to arrest Crock. As the District Court noted, the officer responded to a burglar alarm and observed a window that appeared to have been pried open, property on the porch, and Crock going through papers in the house. Crock also admitted that the house was not his and that he did not have the code for the alarm. In light of these facts, there was probable cause to believe that Crock was committing a crime.

Crock next argues that the arresting officer used excessive force. Crock does not, however, offer any support for this claim besides the bald allegations made in the complaint. He does not offer any evidence to show that he was injured in any way. Moreover, he attempted to head butt the officer on the way to the police car. We agree with the District Court that the record contains no basis to support this claim.

The District Court also correctly entered summary judgment against Crock on his malicious-prosecution and deprivation-of-a-preliminary-hearing claims. One necessary element of a malicious-prosecution claim is success in the underlying criminal proceeding. Johnson v. Knorr, 477 F.3d 75, 81-82 (3d Cir. 2007). Since Crock pleaded nolo contendere to disorderly conduct, he cannot now claim that he was maliciously prosecuted. Crock's claim that officers physically prevented him from attending his preliminary hearing is wholly lacking in support in the record.

Although the District Court did not address Crock's Fourth Amendment claim that he was the subject of a "de facto traffic stop," we conclude that no genuine issue of material fact exists. In order for a seizure to occur for purposes of the Fourth Amendment, there must be

"either the application of physical force [. . .] or a submission to the assertion of authority." California v. Hodari D., 499 U.S. 621, 626 (1991) (emphasis removed). Here, neither of those conditions is met. The sergeant asked Crock for identification when he filed his complaint, saw that Crock had driven to the headquarters, and then ran his license. There was no attempt to restrain Crock's liberty. Thus, Crock's claim is without merit.

Finally, the District Court granted summary judgment on Crock's state-law claims of assault and intentional infliction of emotional distress in relation to his arrest. This was proper, as Crock offered no evidence to sustain either claim. He did not show that the officer had the intent required to sustain a cause of action for assault. In addition, he did not show that the officer acted outrageously, as is required for an intentional-infliction-of-emotional-distress claim. We note that the conduct complained of occurred during the course of a lawful arrest. Thus, summary judgment was appropriate for both of Crock's state-law claims.

III.

Accordingly, we conclude that this appeal presents no substantial question, and we will summarily affirm the judgment of the District Court.